

**CORPORATION SERVICE COMPANY**

DATE RECEIVED

JUL 09 2013

LAW DEPARTMENT

# Notice of Service of Process

LDD / ALL
Transmittal Number: 11359972
Date Processed: 07/08/2013

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |
| Entity: | Whirlpool Corporation<br>Entity ID Number 2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Irma L. Turbe vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulsa County District Court, Oklahoma |
| Case/Reference No: | CJ-2013-02655 |
| Jurisdiction Served: | Oklahoma |
| Date Served on CSC: | 07/08/2013 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Daniel E. Smolen<br>918-585-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT 1**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

IRMA L. TURBE, )
)
Plaintiff, )
) **CJ-2013-02655**
) Case No.:
vs. )
)  Attorney Lien Claimed
WHIRLPOOL CORPORATION, ) Jury Trial Demanded
A Foreign For Profit Business Corporation, )
)
Defendant. )

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Whirpool Corporation
c/o Corporation Service Company
115 SE 89th Street
Oklahoma City, OK  73139

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __4__ day of __6__, 2013

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
**Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2013, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2013, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2013. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2013.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2013.
My Commission Expires: _____
Seal                             Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2013, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |

Signature of person mailing summons

DISTRICT COURT
**FILED**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

JUN - 4 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| IRMA L. TURBE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: CJ-2013-02655 |
| WHIRLPOOL CORPORATION, | ) Attorney Lien Claimed |
| A Foreign For Profit Business Corporation, | ) Jury Trial Demanded |
| Defendant. | ) |

## PETITION

COMES NOW the Plaintiff, Irma L. Turbe, through her attorneys of record, Daniel E. Smolen, Donald E. Smolen, Lauren G. Lambright and Jack Beesley of SMOLEN, SMOLEN & ROYTMAN, PLLC, and bring this action against the Defendant, Whirlpool Corporation, for violations of her constitutionally and statutorily protected rights arising out of her employment with said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and resident of Tulsa County, Oklahoma.

2. Defendant Whirlpool Corporation is a foreign for profit business corporation doing business in Tulsa County, State of Oklahoma and employing over fifteen employees.

3. The is an action for damages and to secure protection of and to redress deprivation of rights secured by Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, hereafter "ADA," and the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 341.

4. Plaintiff, resident of Tulsa County, State of Oklahoma, filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). A Notice of Right to Sue was received by the Plaintiff, and the Original Petition was filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under the ADA.

5. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g), Okla. Stat. tit. 85 § 341 and 42 U.S.C. §12101.

6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

7. Punitive damages are sought pursuant to Okla. Stat. tit. 85, § 341.

8. Jurisdiction is proper and this action lies properly in Tulsa County as the unlawful employment practices complained of herein occurred within Tulsa County and because the Defendant conducts regular business in Tulsa County.

### FACTUAL ALLEGATIONS

9. Plaintiff Turbe incorporates as if realleged Paragraphs 1-8.

10. Plaintiff began her employment with Defendant in September 2006 as a Technician.

11. During her employment, the Plaintiff suffered work related injuries to her hands that required surgery. The Plaintiff filed a worker's compensation claim as a result of this work-related injury, undergoing medical treatment and surgery. The Plaintiff was left with permanent injuries to her hands that caused severe swelling and pain. These conditions are disabilities that substantially limit one or more of Plaintiff's major life activities. The disabilities caused pain to Plaintiff and limited the use of her hands in

many daily chores. However, Plaintiff was, at all relevant times, able to perform the essential functions of her position.

12. Once the Plaintiff returned from surgery, she was assigned to work in the finishing department, a department where she had not been employed previously.

13. This position increased the strain and pressure on her hands and was much more difficult for the Plaintiff to perform than her previous position. The Plaintiff reported the pain and swelling to Defendant numerous times as well as Medcore. Despite the difficulty, Plaintiff performed the duties of the position and was never told she was failing to perform the job duties adequately until August 2012, Jerry Packard informed the Plaintiff that due to "underproduction" on her part, she was being moved to Line 1.

14. The Plaintiff was supposed to have a two-week evaluation period once she moved to Line 1. This Line was extremely fast and more difficult that the Plaintiff's initial job position with Defendant. The Plaintiff was constantly yelled at and intimidated by two of the other males working on the line, Brian Meader, the supervisor over the Line, and Larry, the Team Leader. She received very little training and was not given a chance to learn the Line.

15. The Plaintiff was never issued any formal corrective action pursuant to Defendant's policy to indicate that her performance was subpar. However, she was terminated for this reason. Defendant failed to follow its progressive discipline policy with respect to the Plaintiff.

16. Plaintiff repeatedly reported the pain and swelling in her hands and requested accommodations in order to alleviate these conditions. Accommodations were never provided and instead, the Plaintiff was continually placed in the most difficult and

3

demanding positions with little to no training in an attempt to force her to resign. When she did not resign, Defendant terminated her employment on August 29, 2012.

17. Defendant discharged Plaintiff based on her disability and in retaliation for her workers' compensation claim.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY (ADA)

18. Plaintiff incorporates as if realleged Paragraphs 1-17.

19. The Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 103(b)(5) of Title I of the ADA, 42 U.S.C. §§12112(a) and (b)(5).

20. Persons with a physical impairment or who are perceived to have such an impairment are persons with a disability within the meaning of Sections 3 and 102(a) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12112(a).

21. The Plaintiff was an employee of the Defendant.

22. Plaintiff has impairments to her body that substantially limit one or more major life activity.

23. The Plaintiff informed Defendant of her disabilities and began receiving disparate treatment on the basis of her disabilities.

24. On the bases of her disabilities or perceived disabilities, Plaintiff was subjected to different terms and conditions in her employment when compared to her nondisabled coworkers, including job assignments and termination.

25. The Defendant failed to provide reasonable accommodations to Plaintiff of any kind or engage in any interactive process to determine reasonable accommodations.

26. Defendant terminated Plaintiff's employment on the bases of her qualifying impairments or perceived impairments.

27. The effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities, because of Plaintiff's disabilities and/or the perception of her disabilities.

28. The unlawful employment practices complained of were and are intentional.

29. The Defendant at all relevant times has acted with malice or reckless indifference to the federally protected rights of the Plaintiff, in violation of the ADA, 42 U.S.C. §12101 *et seq.*

WHEREFORE, Plaintiff pray for judgment against Defendant for:

a. Back pay and lost benefits; front pay;
b. Compensatory damages for mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Equitable relief
e. Such other relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION
## RETALIATORY DISCHARGE
## IN VIOLATION OF OKLA. STAT. TIT. 85, § 341

30. Plaintiff incorporates as if realleged Paragraphs 1-29.

31. While employed with the Defendant, Plaintiff sustained work-related injuries, arising out of and in the scope of her employment. After the plaintiff reported the injuries, Defendant began treating Plaintiff differently with respect to the terms and conditions of her employment and eventually terminated Plaintiff's employment.

32. Plaintiff was discharged in retaliation for filing a workers' compensation claim.

5

33. These acts of retaliatory discharge violate the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, § 341.

34. As a result of these retaliatory discharges, Plaintiff has suffered considerable damages including, but limited to, loss of medical benefits, medical expense, lost wages and other actual damages in excess of $75,000.00.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
Lauren G. Lambright, OBA# 22300
Jack Beesley, OBA# 30484
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
*Attorneys for Plaintiff*

6

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $006.310
0001040389 JUN 23 2013
MAILED FROM ZIP CODE 74119

CERTIFIED MAIL

7012 2920 0000 4564 6662

Whirlpool Corporation
c/o Corporation Service Company
115 SW 89th Street
Oklahoma City, OK 73139

Smolen | Smolen | Roytman
ATTORNEYS AT LAW
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com