UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IRMA L. TURBE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 13-CV-0466-CVE-PJC |
| | ) |
| WHIRLPOOL CORPORATION, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

On September 30, 2013, the parties filed a joint status report (Dkt. # 13) advising the Court that plaintiff has alleged a non-removable claim arising under the workers' compensation laws of Oklahoma. Defendant Whirlpool Corporation (Whirlpool) requests that the Court sever the nonremovable claim and remand only that claim to state court, and it asks the Court to retain jurisdiction over plaintiff's claim arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA).

On June 4, 2013, plaintiff filed this case alleging claims under the ADA (first cause of action) and the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, § 341 (OWCA) (second cause of action). Whirlpool removed the case to this Court on the basis of federal question jurisdiction, because plaintiff's ADA claim arises under federal law. The parties filed a joint status report on September 30, 2013 stating:

> Defendant removed Plaintiff's Petition from the District Court of Tulsa County, Oklahoma because Plaintiff's Petition asserts a claim under the ADA, which creates subject matter jurisdiction in this court based on a federal question. However, Plaintiff's Petition also asserts a claim under the [OWCA]. Defendant respectfully notes that the Northern District of Oklahoma held in *Bivins v. Glanz*, 2012 WL 3136115 (N.D. Okla. [Aug. 1,] 2012), that when a case is removed based on federal question jurisdiction but the case also contains a nonremovable Oklahoma workers'

> compensation retaliation claim, the court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction.

Id. at 2.

The parties agree that plaintiff's OWCA retaliation claim is nonremovable. Under 28 U.S.C. § 1441(c)(1):

> If a civil action includes--
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

However, the nonremovable claim must be severed from the action and remanded to the state court from which the case was removed. 28 U.S.C. § 1441(c)(2). Claims "arising under the workmen's compensation laws" of any state are not removable. 28 U.S.C. § 1445(c). In Bivins, the Honorable Terence Kern applied § 1441(c)(1) and (2) in a similar case and found that a partial remand was warranted. In Bivins, the plaintiff filed a case in state court and alleged claims under the ADA, 42 U.S.C. § 1983, § 341 of the OWCA, and a state law claim of intentional infliction of emotional distress. Id. at *1. The defendants removed the case to federal court based on federal question jurisdiction, and the plaintiff filed a motion to remand due to the presence of a nonremovable claim under the OWCA. Id. The plaintiff argued that the court should remand the entire case because of the presence of a nonremovable state law claim. The court discussed the effect of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 203(b), 125 Stat. 785, which amended the removal statutes. Under the amended removal statutes, a federal district court is

required to sever the nonremovable claim and remand only that claim to state court. The court severed the workers' compensation claim and remanded that claim to state court. Id. at 2. Other federal district courts have similarly ordered partial remand of a workers' compensation retaliation claim when such a claim is part of a case that was properly removed based on the existence of federal question jurisdiction. Miley v. Housing Authority of City of Bridgeport, 926 F. Supp. 2d 420, 428 (D. Conn. 2013); Shaw v. Ring Power Corp., 917 F. Supp. 2d 1221, 1223 (N.D. Fla. 2013); Olson v. Saint Luke's Hosp. of Kansas City, 2012 WL 254124, *2 (W.D. Mo. Jan. 27, 2012).

The plain language of § 1441(c) requires the Court to sever plaintiff's nonremovable workers' compensation retaliation claim and to remand only that claim to state court for further proceedings. The statute provides the Court no discretion to retain jurisdiction over the entire case or to remand the entire case due to the presence of a nonremovable claim. Plaintiff's workers' compensation retaliation claim will be severed from the case and remanded to state court.

**IT IS THEREFORE ORDERED** that plaintiff's workers' compensation retaliation claim (second cause of action) is **severed**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to remand the severed claim (second cause of action) to Tulsa County District Court. The Court will retain jurisdiction over plaintiff's ADA claim (first cause of action).

**DATED** this 18th day of October, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE